IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2158-BO

| | |
|---|---|
| SHIRLAND FITZGERALD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN ATKINSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

On April 8, 2016, the court entered an order transferring this matter to the United States District Court for the Southern District of Georgia [D.E. 9]. However, Petitioner was incarcerated in this district at the time he filed his petition, and the Fourth Circuit has held that in a § 2241 habeas action "[j]urisdiction is determined at the time an action is filed." United States v. Edwards, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994) (per curiam) (unpublished). Accordingly, the court's April 8, 2016 order is VACATED. The clerk of court is directed to reinstate this action and mail a copy of this order to the United States District Court for the Southern District of Georgia.

The court shall now turn to its initial review pursuant to 28 U.S.C. § 2243. Petitioner is challenging the manner in which the forfeiture portion of his sentence is being executed. This type of request is the proper subject of a habeas corpus petition under 28 U.S.C. § 2241. See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam) (determining attack on the execution of a sentence must be reviewed as § 2241 petition); see also United States v. Mubang, No. 13-7067, 2013 WL 5546257, at *1 (4th Cir. Oct. 9, 2013); United States v. Hudson, 221 F. App'x 255, 256 (4th Cir. 2007) (determining motion for clarification of restitution portion of criminal judgment

should have been treated as § 2241 petition as it attacked the execution of the restitution order). Accordingly, it does not clearly appear from the face of the petition that the petitioner is not entitled to relief, and the matter is allowed to proceed. The clerk of court is DIRECTED to maintain management of the matter. In light of this disposition, Petitioner's motion for petition review [D.E. 8] is DENIED AS MOOT.

SO ORDERED. This 13 day of April, 2016.

TERRENCE W. BOYLE
United States District Judge